## In re DELANCY'S ESTATE.

## SUTTON v. DELANCY et al.

No. 21911. Opinion Filed Oct. 25, 1932.

C. L. Andrews and D. B. Sutton, for plaintiff in error.

Grady Lewis and Sam T. Allen, for defendants in error.

HEFNER, J. This case involves the contest of the will of Lydia A. Delancy, deceased, which was executed on July 21, 1927. The testatrix died January 11, 1928. At the time of her death, she had several sons and daughters, all of whom were adults and married. She willed the most of her property to the children of Minnie Sutton, a living daughter. The will was offered for probate in the county court of Creek county. The testatrix was a resident of that county until October, 1926, at which time she went to Kiamichi to live. A protest to the probate of the will was filed by her three sons, E. B., H. C., and Bud Delancy, on the grounds of undue influence and mental incompetency of deceased to make a will. The county court denied probate. Minnie Sutton, the proponent of the will, appealed to the district court, where probate was likewise denied. The trial court found that the testatrix was mentally incompetent to make a will. Proponent has brought the case to this court for review, and contends that the finding of the trial court is against the clear weight of the evidence.

The evidence is conflicting. The contestants, and several daughters of deceased, testified, that the mind of testatrix was very feeble for several years prior to the time of the execution of the will; that she appeared to have the mind of a child of about eight years; and was unable to comprehend what she was doing or saying; that she ceased to manage her own business about 1910, and that some member of the family thereafter transacted all of her business for her; that in their opinion testatrix was not mentally competent to make a will. Several neighbors of testatrix testified that they had known testatrix several years prior to the date upon which the will was executed; that they had frequent conversations with her, and from such conversations they concluded she was not mentally competent to make a will. Con, a son of testatrix,

and Birdic Jacobs, a daughter, testified that on certain occasions they visited testatrix and she did not recognize them and declared she was not their mother; that on these occasions she did not appear to have mind enough to know and comprehend what she was doing.

The will was drafted by G. E. Clendenning, a banker at Kiamichi, who testified that it was his opinion that testatrix was mentally competent to make the will and that she understood and knew what she was doing and knew the manner in which she was willing her property. Other witnesses who had known testatrix during her lifetime likewise so testified.

In the case of In re Anderson's Estate, 142 Okla. 197, 286 P. 17, it is said:

"We have many times said that a will contest is a case of equitable cognizance, and that, on appeal, this court will examine the whole record and weigh the evidence; but the findings and judgment of the district court will not be disturbed, unless such findings and judgment are against the clear weight of the evidence."

The proponent demurred to the protest to the probate of the will on the ground that allegations thereof were insufficient to charge undue influence. The trial court denied probate solely on the ground of mental incapacity of testatrix to make a will. This question therefore becomes immaterial.

Other errors are assigned by proponent, but they are not discussed in the brief and they will therefore be considered as abandoned.

There is a sharp conflict in the evidence, but we cannot say that the finding of the trial court is against the clear weight thereof.

The judgment is affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent. ANDREWS, J., disqualified.